UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **ANDREW GILL,** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 21-cv-02668 (APM) |
| **BLOCK BY BLOCK INC.,** *et al.* | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

Pro se Plaintiff Andrew Gill brings this action complaining of race and sex discrimination, defamation, and unpaid wages by his former employer, Defendant Mydatt Service, Inc., d/b/a Block by Block. Def.'s Notice of Removal, ECF No. 1, Ex. A, Compl., ECF No. 1-2 [hereinafter Compl.].[1] Because Plaintiff's claims are patently frivolous, the court *sua sponte* dismisses the Complaint and this action.[2]

"[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit" or "obviously frivolous." *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (internal quotation marks omitted); *see also Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) ("A complaint may be dismissed on jurisdictional grounds when it is patently insubstantial, presenting no federal question suitable for decision." (internal quotation marks omitted)). Claims are insubstantial and frivolous if they are "essentially fictitious" or advance "bizarre conspiracy theories," "fantastic government

---

[1] Plaintiff also lists in the caption as a Defendant "Georgetown BID," but from his Complaint it is unclear whether Georgetown BID is a different entity or the same as Block by Block.
[2] Although Defendant Block by Block has moved to dismiss, Def.'s Mot. to Dismiss, ECF No. 5, it did not address the court's subject matter jurisdiction, which the court has an independent obligation to consider.

manipulations of [one's] will or mind," or some type "of supernatural intervention." *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994) (internal quotation marks omitted).  In such cases, a district court may dismiss the case *sua sponte*.  *See id.*

Here, although Plaintiff's Complaint alludes to real causes of action, the "factual" support for those claims render them "absolutely devoid of merit" and "obviously frivolous."  At the start, Plaintiff says he "files [the] complaint at the request of the FBI." Compl. at 5.[3]  He alleges that his employer harassed him for "submitting to a [series] of polygraph examinations regarding illegal activity noticed and seen by the plaintiff in the state of Florida." *Id.*  He continues, "Plaintiff further complains that upon calling the FBI who investigated members of the Georgetown BID including [former D.C. Councilmember] Jack Evans that they found multiple [Ethical] Violations and more." *Id.*  Elsewhere he alleges an altercation over discovering that a "Joseph Sternlib and Georgetown BID [were] not really recycling." *Id.*  He further claims that Defendant, among other things, "search[ed] his belongings, for a gun [repeatedly]"; threatened to fire him for submitting to polygraph examinations "over child pornographic material"; "attacked [him] regarding the Defendant's lack of recycling"; and "[concealed] child pornographic material." *Id.* at 5–6. Other references in the Complaint include: "the famous Kennedy Family," a "rape of a Mrs. Karena Johnson in the state of IL by a Crip Gang Member," "the [Capitol] Riots," and his submission of a polygraph "regarding the Terrorist Bin Laden." *Id.* at 6.  In the end, Plaintiff insists he is "fine and not mentally ill reporting problems in Georgetown," and asks, "how can you tell the plaintiff he cannot report child [pornography] or submit to a polygraph on child [pornography] or anything illegal or going on at all?" *Id.* at 7.

---

[3] Page cites are to the page number assigned by CM/ECF.

The court is mindful that complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). But Plaintiff's claims are clearly fantastic, delusional, and "essentially fictitious." *Best*, 39 F.3d at 330 (internal quotation marks omitted). Accordingly, the court dismisses the Complaint and this action for lack of subject matter jurisdiction. A separate final, appealable order accompanies this Memorandum Opinion.

Dated: April 20, 2022

Amit P. Mehta
United States District Court Judge